# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

JAMES T. GREEN and
CHARLOTTE MAE GREEN,

                Plaintiffs,

v.                               CIVIL ACTION NO.  5:08-cv-00198

SELECT PORTFOLIO SERVICING, INC.
and JOHN DOE TRUSTEE,

                Defendants.


### MEMORANDUM OPINION AND ORDER


Pending before the Court is Defendant Select Portfolio Servicing (SPS) Inc.'s Motion to Dismiss Count I [Docket 2].  Plaintiffs have not filed a response to the motion and the deadline has passed.  Thus, the motion is ripe for the Court's review.

### I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed their Complaint [Docket 1] on February 21, 2008 in the Circuit Court of Raleigh County, West Virginia.  Defendant timely removed the case to this Court on March 25, 2008 based on diversity of citizenship.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In the Complaint, Plaintiffs allege one count of "Unconscionable Contract" and two counts of illegal debt collection in violation of the West Virginia Consumer Credit Protection Act (WVCCPA), W. Va. Code §§ 46A-1-101 *et seq.*  In its

motion brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant seeks dismissal of the unconscionable contract claim because Defendant "had nothing to do with the origination of [the subject] loan."  (Docket 3 at 2.)

At a date unspecified in the Complaint, Plaintiffs "entered into a loan with the Defendant solicited by a broker and lender relying on an inflated appraisal" and which included "excessive and illegal fees."  (Docket 1-3 ¶¶ 4-5.)  The loan was "closed in a hurried manner, without adequate explanation to the Plaintiffs of what they were signing," and "contains substantively unfair terms, [such as] the fact that the loan far exceeds the market value of the Plaintiffs' home."  (*Id.* ¶¶ 16-17.) Plaintiffs further allege that they are "unsophisticated consumers" who "did not understand the details of the transaction."  (*Id.* ¶ 15.)  Plaintiffs also assert that Defendant's conduct is part of a "pattern of predatory lending practices" whereby it usurps home equity from unsophisticated homeowners by fraudulently inducing loans using inflated market values.  (*Id.* ¶ 14.)

Apparently after entering into this loan agreement, Plaintiffs filed bankruptcy in December 2002.  (*Id.* ¶ 6.)  Despite the bankruptcy proceeding, Defendant continued to send payment coupons and the principal balance to Plaintiffs until early 2007.  (*Id.* ¶ 8.)  Plaintiffs moved out of the home in 2005 at the direction of their physician and communicated the move to Defendant in the bankruptcy proceeding.  (*Id.* ¶¶ 9-10.)  Plaintiffs then converted the bankruptcy to a Chapter 7 proceeding in February 2007, however, Defendants continued to send Plaintiffs payment coupons and the principal balance until the filing of the Complaint.  (*Id.* ¶¶ 11-12.)  It is these subsequent communications that form the basis of Plaintiff's illegal debt collection claims.  Because Defendant does not seek dismissal of those claims, however, the Court will address only the unconscionable contract claim.

2

## II.  APPLICABLE LAW

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must take the allegations in the complaint as true.  *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007). Pursuant to Fed. R. Civ. P. 8(a), a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Nevertheless, "[e]ven under the liberal standards of the Federal Rules of Civil Procedure . . . a plaintiff 'must at least set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery.'" *Karpel v. Inova Health Sys. Servs*., 134 F.3d 1222, 1227 (4th Cir. 1998) (quoting *Self Directed Placement Corp. v. Control Data Corp*., 908 F.2d 462, 466 (9th Cir. 1990)).

Therefore, a motion to dismiss under Rule 12(b)(6) should be granted only if after accepting all well-pleaded allegations contained in a complaint as true, the plaintiff fails to allege enough facts to state a claim that is plausible on its face. *Id*. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level[,]" and if a plaintiff does not "nudge" his claim "across the line from conceivable to plausible," then the complaint should be dismissed. *Id.* at 1965, 1974.

Courts should generally be reluctant to resolve unconscionability claims on the pleadings before the parties have an opportunity to present evidence regarding the circumstances of the contract formation. *Mallory v. Mortgage America, Inc.*, 67 F. Supp. 2d 601, 612 (S.D. W. Va. 1999) (Copenhaver, J.) (citing *Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 292 (4th Cir. 1989)). "Full development of the record is a prerequisite to consideration of an unconscionability claim because whether a meaningful choice is present in a particular case can only be determined by consideration of all the circumstances surrounding the transaction." *Id.*  Despite this general rule, however, where

a defendant in a case involving a contract dispute is not a party to the contract, that defendant may

be dismissed. *Cf. Booker T. Washington Constr. & Design Co. v. Huntington Urban Renewal Auth.*,

383 S.E.2d 41, 43 (W. Va. 1989) (dismissing City of Huntington as a defendant because it was not

a party to real estate contract between plaintiff and Huntington Urban Renewal Authority); *see also*

*Williams v. Midwest Employers Cas. Co.*, 34 F. App'x 152, 2002 WL 496395, at *7 (5th Cir. 2002)

(unpublished) (finding no error in district court's dismissal of non-party to insurance contract);

*Citizens Commc'ns Co. v. Trustmark Ins*, 303 F. Supp. 2d 197, 207 (D. Conn. 2004) (finding the

existence of a contract to be a prerequisite to a claim for breach of covenant of good faith and fair

dealing).  Particularly in the context of loan servicers, it is similarly well-settled that a company

providing administrative services to a lender "cannot be held liable for any claims by [a] plaintiff

stemming from the origination of the loan by [another party.]" *Short v. Wells Fargo Bank Minn.*, 401

F. Supp. 2d 549, 563 (S.D. W. Va. 2005) (Chambers, J.) (dismissing unconscionable contract claim

against loan servicer).

### III.  ANALYSIS

In its motion to dismiss, Defendant states that because it is merely the servicer of the loan

at issue, the Complaint fails to allege a cause of action against it regarding the mortgage contract.

If Defendant's assertion is true, the instant issue is indistinguishable from the *Short* case, where

Judge Chambers dismissed a claim of unconscionable contract against a loan servicer.  401 F. Supp.

2d at 563.  Plaintiffs have not filed a response disputing that assertion.  However, the key document

in deciding a Rule 12(b)(6) motion is the complaint itself.  In this case, the Complaint does not

allege a cause of action against Defendant for unconscionable contract because it does not state that

SPS was a party to the mortgage contract.  Rather, the Complaint alleges that the loan entered into

with Defendant was "solicited by a broker and lender." (Docket 1-3 ¶ 4.) This allegation does not make it more plausible that Defendant was a party to the original contract. Because Defendant was not a party to the original contract, the Court need not allow the parties to conduct discovery to determine whether the terms of the contract were unconscionable. Rather, if Plaintiffs seek to void the contract, their proper recourse would be against the "broker and lender" who initially solicited the contract and would therefore be in a position to argue whether the terms were unconscionable.

Further, Plaintiffs' allegations that Defendant was engaged in predatory lending practices are merely conclusory statements that do not incorporate any particular instance of wrongdoing toward Plaintiffs. Similarly, the allegations that Plaintiffs are "unsophisticated consumers" and that the loan was entered into quickly and "induced by an inflated appraisal" do not implicate Defendant in any manner. (Docket 1-3 ¶¶ 15-17.) Taking Plaintiffs' allegations as true, the Complaint "fails to allege enough facts to state a claim that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Without a specific allegation against Defendant, it is impossible to say that Plaintiffs have even a conceivable claim against Defendant, much less a plausible one. Thus, because Plaintiffs have not alleged that Defendant was a party to the original mortgage contract, they have failed to make a plausible showing that Defendant was anything more than the loan servicer. Moreover, Plaintiffs here, like the plaintiff in *Short*, 401 F. Supp. 2d 549, have not objected to the motion to dismiss the defendant servicer. Accordingly, as in *Short*, the unconscionable contract claim against the loan servicer is subject to dismissal.

## IV.  CONCLUSION

For the reasons set forth above, Defendant SPS's Motion to Dismiss Count I [Docket 2] is

**GRANTED** and Count I of the Complaint is hereby **DISMISSED**. The Court **DIRECTS** the Clerk

to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented

party.

ENTER:        June 30, 2008

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE